UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY BAEZ, JONATHAN BERMUDEZ JERMAINE GONSALVES, and DEDRICK LINDSEY on behalf of themselves and all others similarly situated, <br><br> Petitioners, <br><br> v. <br><br> ANTONE MONIZ, <br><br> Respondent. | Civil Action No. 20-10753-LTS |

**RESPONDENT'S <u>EMERGENCY</u> MOTION TO STAY THE
BRIEFING ON PETITIONERS' MOTION FOR CLASS CERTIFICATION
OR, IN THE ALTERNATIVE, EXTENSION OF TIME TO RESPOND**

Respondent Antone Moniz, Superintendent of the Plymouth County Correctional Facility ("Respondent"), by and through his attorney, Andrew E. Lelling, United States Attorney for the District of Massachusetts, respectfully moves this Court to stay the briefing on and adjudication of Petitioners' motion for class certification (Doc. # 6) pending resolution of Respondent's anticipated motion to dismiss Petitioners' Class Action Petition Seeking Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief (the "Petition"). Doc. # 1. In the alternative, Respondent requests a two-week extension of time—until and including May 5, 2020—to file his response to Petitioners' motion for class certification. In support of this motion, Respondent states as follows:

1. On Friday, April 17, 2020, Petitioner Anthony Baez, Petitioner Jonathan Bermudez, Petitioner Jermaine Gonsalves, and Petitioner Dedrick Lindsey (collectively, "Petitioners") filed the Petition. Doc. # 1. On the same day, Petitioners also filed a motion for

class certification (Doc. # 6), and an application for an emergency temporary restraining order and preliminary relief (Doc. # 9).

2. Petitioners requested that Respondent respond to their motion for a TRO—a task that requires not only brief writing but, more importantly, multiple declarations from state and federal officials—no later than Tuesday, April 21, 2020 (which, for the state officials from which Respondent must obtain declarations, was functionally the next business day on account of the Monday holiday). Doc. # 9. As for their motion for class certification, however, Petitioners did *not* request a response sooner than the time permitted by the Local Rules. *See* Doc. # 6. This Court ordered Respondent to respond to *both* motions no later than noon on April 21, 2020 (tomorrow). Doc. # 11.

3. Respondent is preparing a response to Petitionets' application for injunctive relief and will respond as ordered. While preparing its response to Petitioner's application for injunctive relief, however, Respondent learned that the Petition raises issues that put this Court's jurisdiction into question, including whether the Prison Litigation Reform Act ("PLRA") precludes the relief Petitioners seek, whether Petitioners have standing, and whether Petitioners have exhausted remedies under the PLRA and in their respective criminal proceedings under the Bail Reform Act. Accordingly, no later than noon tomorrow, Respondent will file a motion to dismiss the Petition for lack of subject matter jurisdiction and for failure to state a claim.

4. Given the jurisdictional issues that Respondent's motion will raise, and given that Petitioner did not request an expedited response to their motion for class certification, Respondent respectfully requests a stay of the briefing and adjudication of Petitioners' motion for class certification, and any hearing related thereto, until after the Court resolves Respondent's anticipated motion to dismiss.

5.      District courts have broad inherent authority to stay proceedings. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Landis v. N. Am. Co.*, 299 U.S. 248, 254, (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. . . . [t]his calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

6.      Moreover, the Supreme Court has made clear that, where a court lacks subject matter jurisdiction to hear a case, the action must be dismissed pursuant to Rule 12(b)(1) *before* it considers the merits of the plaintiffs' claims. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (rejecting the contention that the merits of the case can be decided before jurisdiction is resolved, and observing that "such an approach . . . carries the courts beyond the bounds of authorized judicial action and thus offends principles of separation of powers."). Indeed, "federal courts are powerless to act in the absence of subject matter jurisdiction," *Espinal-Dominguez v. Com. of Puerto Rico*, 352 F.3d 490, 495 (1st Cir. 2003), and if this Court determines that it lacks jurisdiction over this matter, it is its duty to proceed no further and dismiss the suit, *see Mills v. State of Me.*, 118 F.3d 37, 52 (1st Cir. 1997). *See also Folden v. United States*, 379 F.3d 1344, 1352 (Fed. Cir. 2004) (noting that the "court granted the government's additional motion to stay consideration of plaintiffs' request for class certification pending resolution of the motion to dismiss," which was for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted).

7.      Here, granting the requested stay, and resolving Respondent's motion to dismiss before further briefing on and adjudication of Petitioners' motion for class certification, is

warranted because it will conserve judicial resources and prevent a ruling on a matter over which this Court may lack jurisdiction. Respondent's anticipated motion to dismiss will raise serious questions regarding this Court's jurisdiction, Petitioners' standing, and whether this case presents the appropriate avenue for the relief Petitioners seek. If the Court were to make a favorable ruling on Respondent's motion to dismiss, in whole or in part, that ruling may obviate the need to address class certification issues at all, may define the scope for analyzing class certification issues, or may otherwise assist in the resolution of class certification issues.

8. Respondent therefore requests a stay of the briefing and adjudication of Petitioners' motion for class certification, and any hearing related thereto, until after the Court resolves Respondent's anticipated motion to dismiss. Alternatively, Respondent requests a two-week extension of time—until and including May 5, 2020—to file his response to Petitioners' motion for class certification. This extension of time will allow for a more comprehensive discussion, both legally and factually, of class certification issues and will aid the Court in the resolution of those issues.

WHEREFORE, Respondent respectfully requests the Court grant his motion to stay briefing and consideration of class certification pending resolution of Respondent's anticipated motion to dismiss or, in the alternative, grant a two-week extension of time—until and including May 5, 2020—for Respondent to file his response to Petitioners' motion for class certification

Respectfully submitted,

ANTONE MONIZ
Superintendent of the Plymouth
County Correctional Facility

By his attorneys,

ANDREW E. LELLING,

|  |  |
|---|---|
|  | United States Attorney |
| By: | /s/ Jason C. Weida |
|  | Jason C. Weida |
|  | Assistant U.S. Attorney |
|  | United States Attorney's Office |
|  | 1 Courthouse Way, Suite 9200 |
|  | Boston, Massachusetts  02210 |
|  | (617) 748-3180 |
| Dated:  April 20, 2020 | Jason.Weida@usdoj.gov |

**LOCAL RULE 7.1(a)(2) CERTIFICATION**

    I hereby certify that, by email on April 19 and 20, 2020, and by telephone on April 20, 2020, I conferred with counsel for Petitioners, who would not assent to the relief sought in this motion.

    /s/ Jason C. Weida
    Jason C. Weida
    Assistant U.S. Attorney