UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY BAEZ, JONATHAN BERMUDEZ JERMAINE GONSALVES, and DEDRICK LINDSEY on behalf of themselves and all others similarly situated,<br><br>    Petitioners,<br><br>  v.<br><br>ANTONE MONIZ,<br><br>    Respondent. | Civil Action No. 20-10753-LTS |

## RESPONDENT'S STATUS REPORT IN RESPONSE TO COURT ORDER

Respondent Antone Moniz ("Respondent"), Superintendent of the Plymouth County Correctional Facility ("PCCF"), by and through his attorney, Andrew E. Lelling, United States Attorney for the District of Massachusetts, respectfully submits this status report in response to the Court's Order, dated May 18, 2020 (Doc. # 65).

In response to the Court's Order, the Plymouth County Sheriff's Department ("Department") presented to PCCF's medical director, Dr. Lawrence Baker, through his employer CPS Correctional Healthcare, a copy of the Court's Order and the letter the Massachusetts Department of Corrections ("DOC") submitted to the Massachusetts Supreme Judicial Court describing its testing model. The Department asked that Dr. Baker provide a recommendation on whether such an approach was appropriate for PCCF. Dr. Baker responded that, in his medical opinion, the DOC measures were not warranted at PCCF at this time. Dr. Baker cited the measures PCCF has taken to keep COVID-19 from entering the facility; to control or mitigate against the spread of COVID-19 within the facility; and to identify detainees and staff who might be infected

with COVID-19. Dr. Baker noted that the decision about whether and when to test is guided by the clinical presentation of the individual and the medical provider's clinical judgment, considering symptoms, reported onset, and objective assessment of the detainee's condition. Dr. Baker noted the measures PCCF has taken which have been effective in limiting the number of positive cases at PCCF. These measures include: modified intake procedure; contact tracing of inmates and staff; quarantining of contacts; proper utilization of medical isolation. Dr. Baker also noted that the decision to test must have a rational medical basis in order to determine appropriate management.

Dr. Baker's recommendation is in line with the latest guidance from the United States Center for Disease Control and Prevention ("CDC") and Massachusetts Department of Public Health ("DPH"). The CDC provides guidance on testing but expressly notes that decisions about testing are made by state and local health departments or by healthcare providers. The CDC prioritizes for testing those with symptoms and recommends testing for persons without symptoms who are prioritized by health departments or clinicians. In guidance issued on May 13, 2020, DPH recommends testing for symptomatic individuals and close contacts of COVID cases. DPH also provides that asymptomatic individuals can be recommended for testing at the discretion of a healthcare provider, a state agency, or their employer. PCCF is following that guidance.

Accordingly, in response to the Court's Order, Respondent reports that, at this time, PCCF does not plan to institute institution-wide testing occurring in DOC facilities because it is the medical opinion of PCCF's medical director that such measures are not warranted at PCCF in the present circumstances.

> Respectfully submitted,
>
> ANTONE MONIZ
> Superintendent of the Plymouth
> County Correctional Facility

                                    By his attorneys,

                                    ANDREW E. LELLING,
                                    United States Attorney

By:    */s/ Jason C. Weida*
        Jason C. Weida
        Assistant U.S. Attorney
        United States Attorney's Office
        1 Courthouse Way, Suite 9200
        Boston, Massachusetts  02210
        (617) 748-3180
Dated:  May 27, 2020                    Jason.Weida@usdoj.gov