UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

———————————————————

ANTHONY BAEZ et al.,

    Petitioners,

v.                            Civil No. 20-10753-LTS

ANTONE MONIZ,

    Respondent.

———————————————————

ORDER ON PETITIONER'S MOTION FOR DISCOVERY (DOC. NO. 82) AND CLASS
ACTION PETITION SEEKING WRIT OF HABEAS CORPUS (DOC. NO. 1)

September 23, 2020

SOROKIN, J.

Pending before the Court is a motion by the petitioners for discovery in this federal habeas action. The respondent seeks denial of both the discovery request and the petition itself. For the reasons that follow, the motion for discovery is DENIED, and the habeas petition is subject to dismissal unless the petitioners show cause why further proceedings are necessary.

I.    BACKGROUND

On April 17, 2020, four federal detainees housed at the Plymouth County Correctional Facility ("PCCF"), "on behalf of themselves and all others similarly situated," filed what they styled as a "Class Action Petition Seeking Writ of Habeas Corpus under 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief," in which they raised constitutional challenges to their confinement arising from the COVID-19 pandemic. Doc. No. 1.[1]  At the same time, the

———————————————————

[1] Citations to items appearing on the Court's electronic docket ("Doc. No. __ at __") reference the document and page numbers assigned by ECF.

petitioners filed a motion seeking preliminary injunctive relief.  Doc. No. 9.  The respondent

opposed the motion and moved to dismiss the petition.  Doc. No. 21, 23.  After receiving

supplemental information from the parties and holding a hearing, Doc. Nos. 31, 48, 49, 50, 51,

53, 54, 56, 57, 62, on May 18, 2020, the Court denied both the petitioners' request for injunctive

relief and the respondent's request for dismissal, Doc. No. 64.

The Court's determination that injunctive relief was not warranted turned on its finding

that the petitioners had "not established that they [we]re likely to succeed in showing that [the

respondent] has been obdurate, wonton, or reckless with respect to th[e] risk [posed by COVID-

19], or has otherwise failed to take reasonable steps aimed at preventing or mitigating the risk

that COVID-19 presents to those detained at PCCF."  Doc. No. 64 at 15.  That finding was

largely dictated by the state of the record—in particular, the stark contrast between the fulsome

evidentiary showing offered by the respondent (including numerous declarations of individuals

with first-hand knowledge of the pertinent facts and conditions at PCCF) and the dearth of

evidence offered by the petitioners to support their claims or contest the respondent's

submissions.  Id. at 15-19.

Thereafter, the focus shifted to whether and how discovery should occur related to the

merits of the petitioners' claims.  Doc. No. 73.  The petitioners proposed engaging in broad

discovery over several months, while the respondent urged that no discovery was warranted.  Id.

After hearing from the parties, the Court denied the petitioners' request for discovery, finding

they had "neither identified with sufficient specificity the information they seek, nor . . .

demonstrated good cause to believe that engaging in discovery will yield information

demonstrating that their claims are meritorious and entitle them to the relief they seek."  Doc.

No. 81 at 2.  The Court, however, permitted the petitioners to "refine" their request, provided

that they: "a) specifically identify the information they seek and how they wish to obtain it; b) show good cause for their request by explaining in a non-speculative fashion why they expect that their requests will yield evidence that is not only relevant to, but will support the merits of, their claims; and c) propose a reasonable schedule for conducting the described discovery." Id.

On July 31, 2020, the petitioners renewed their request for discovery, supporting their motion with a memorandum of law and attaching interrogatories and requests for documents that they proposed serving on the respondent. Doc. Nos. 82, 83, 83-1. The respondent opposed the discovery motion, urging that four "independent reasons" supported denying it, including one which the respondent suggested warranted denying the habeas petition on its merits. Doc. No. 87. The petitioners addressed some of the respondent's arguments in a reply brief. Doc. No. 89.

All the while, the respondent continued to update the Court when new cases of COVID-19 were confirmed at PCCF, specifying the number of tests that PCCF had performed, the circumstances surrounding each new case, and the manner in which PCCF responded to new cases. Doc. Nos. 68, 70, 74, 76, 77, 79, 84, 90, 91. To date at PCCF, a total of four detainees have tested positive for the virus, with no new cases among detainees in the last six weeks. App'x at 33-34, Special Master's Weekly Report, Comm. for Pub. Counsel Servs. v. Chief Justice of the Trial Court, No. SJC-12926 (Sept. 17, 2020), available at https://www.mass.gov/doc/sjc-12926-special-masters-weekly-report-9172020/download (last visited Sept. 23, 2020).

The discovery motion is now ripe, and the Court resolves it on the papers.[2]

---

[2] Neither party has requested a hearing, and the Court finds that a hearing is unnecessary in light of the extensive briefing it has received from the parties.

II.     DISCUSSION

A.     Discovery

As the Court explained previously, the petitioners are "not entitled to discovery as a matter of ordinary course."  Bracy v. Gramley, 520 U.S. 899, 904 (1997); accord Donald v. Spencer, 656 F.3d 14, 15-16 (1st Cir. 2011).  To succeed in their quest for discovery, they were obligated to specify "exactly what information" they seek, and to demonstrate "good cause" via "specific allegations" giving this Court "reason to believe that [they] may, if the facts are fully developed, be able to demonstrate" entitlement to relief.  Teti v. Bender, 507 F.3d 50, 60 (1st Cir. 2007) (quotation marks omitted).  They may not engage in a "fishing expedition," id., nor may they undertake the sort of broad discovery that an action under 42 U.S.C. § 1983 might entail.[3]

In their renewed motion for discovery, the petitioners have not resolved the problems that led to the denial of their original request.  They seek wide-ranging discovery related to seven identified topics, proposing fifteen interrogatories (many of which have multiple subparts) and twenty-two requests for documents.  Doc. No. 83-1.  The topics largely mirror those that the petitioners included in their original proposal, compare Doc. No. 73 at 2-3, with Doc. No. 83 at 3, and the requests they wish to serve are exceedingly broad on their face, e.g., Doc. No. 83-1 at 14, 19-22 (reflecting an expansive definition of "communication" and seeking "all documents or communications" on subjects described in more than a dozen requests).  They denominate their

---

[3] The Court has read and considered all of the cases the petitioners cite as support for their broad view of the scope of discovery that is permissible and warranted in this case.  See Doc. No. 83 at 3-8; Doc. No. 89 at 2-3.  Each of those cases, however, is materially distinguishable from this one, and none support permitting the scope of discovery the petitioners seek in circumstances like those presented here.  For example, many of the cases, including Bracy, involved discovery requests that were far narrower in scope than those proposed by the petitioners, coupled with stronger and more specific factual showings or allegations supporting the petitioners' claims.

proposed discovery as the "first" sets of each type of requests, Doc. No. 83-1 at 1, 13, and they take issue with the respondent's suggestion that, should discovery proceed, the petitioners should be limited to the proposals they have submitted with their motion, Doc. No. 89 at 5.

Even a cursory review reveals that the petitioners' requests are neither "focused," as they suggest, Doc. No. 83 at 1, nor supported by good cause, as the Court's prior order (and the above-cited cases describing the standards for discovery in habeas cases) require. Put simply and most importantly, the petitioners have not explained "in a non-speculative fashion why they expect that" the requests they now propose "will yield evidence" supporting the merits of their claims. Doc. No. 81 at 2.

Though the petitioners urge that noncompliance with public health guidance would create a presumption of deliberate indifference, Doc. No. 83 at 4-5, they have offered nothing to show that the respondent is not complying with any current state or federal public health guidance regarding COVID-19 in a prison setting. As an initial matter, guidance issued by the Centers for Disease Control and Prevention ("CDC") on this topic is expressly non-binding and encourages flexibility depending on the circumstances at particular institutions. See Doc. No. 87 at 17 (block-quoting the language in the CDC's August 2020 update to its guidelines emphasizing the non-binding and flexible nature of the document). In any event, the petitioners have made no representations at all about conditions at PCCF since May 7, 2020, Doc. No. 56, so there is no evidence before the Court suggesting that the respondent is presently failing to comply with any aspect of the CDC's nonbinding guidance.

To the contrary, the respondent has offered detailed declarations from those working and overseeing the daily operations at PCCF, as well as regular status updates regarding the detection of and response to the relatively small number of COVID-19 cases that have arisen at PCCF.

The petitioners, for the most part, have neither challenged nor responded to the respondent's submissions.  To the extent they seek to excuse this failure by asserting that the respondent controls the information they seek about conditions at PCCF, that claim ignores the fact that the named petitioners in this case experience those conditions each day as they sleep, eat, and go about life in the respondent's custody.  The petitioners have not established that the information they would require to establish good cause is uniquely unavailable to the respondent.[4]

At bottom, the petitioners ground their requests in their stated belief that engaging in discovery "may enable" them to demonstrate that PCCF is not complying with the CDC's nonbinding guidance, and that such a showing "could," in turn, "entitle them to relief."  E.g., Doc. No. 83 at 5.  This belief is unsupported by any meaningful showing suggesting that the fact or duration of their custody—in the conditions as they presently exist at PCCF—violates the Constitution.  Rather, it is just the sort of vague and speculative justification that the Court already has found insufficient to open the doors to discovery in a case such as this one.

Accordingly, the petitioners have again failed to demonstrate that discovery is merited under the standards governing federal habeas proceedings.

B.    Merits

The respondent has urged that the nature of the petitioners' discovery requests—and the petitioners' failure to "dispute much if any of the information provided in [his] robust factual return and in his other submissions over the last four months"—justifies denial not only of the discovery motion, but of the habeas petition itself.  Doc. No. 87 at 10-13, 15.  Though the petitioners replied to the respondent's brief, they elected not to engage with his challenge to the

---

[4] The Court well understands that the COVID-19 pandemic has complicated lawyers' efforts to meet with clients who are incarcerated.  At no point have the petitioners raised with the Court any barriers preventing such communication related to this case.

merits of the petition.  See generally Doc. No. 89.  The Court, however, cannot ignore the ramifications of its rulings on the petitioners' ability to proceed further in this action.

In its May 18, 2020 Order, the Court found that the record as it existed then did not support a finding that the petitioners were likely to succeed on the merits of their claims.  Doc. No. 64.  Thus, it denied preliminary injunctive relief.  Id.  On July 10, 2020 and again today, the Court found that the petitioners had not proposed specific and focused discovery supported by a showing of good cause—despite two chances to do so, one of which followed the Court's explanation of the standard governing discovery in a habeas action, and both of which followed instances in which the Court conveyed to the petitioners in writing or during a hearing the weaknesses it perceived in the petitioners' factual submissions supporting their claims.  Doc. No. 81; § II(A), supra.  Thus, no further discovery will occur.

As a result, the merits of the petitioner's claims will necessarily be measured against the law and the facts as they presently exist.  That law and those facts are no more favorable to the petitioners now than they were four months ago.  Where the petitioners have neither cited any intervening changes in the law bearing on their claims nor developed the facts supporting their claims beyond those known to the Court at the time of its decision denying an injunction, there is no basis for the Court to alter its previous assessment of the merits of the pending claims.[5]

In these somewhat unusual circumstances—where a prior determination that the petition will not succeed is coupled with no further factual development—the Court concludes that the petitioners cannot establish an entitlement to habeas relief and, thus, that it should deny the petition.  Although the respondent invited denial of the petition in his opposition to the motion

---

[5] Nothing in the record suggests that the petitioners have gathered additional evidence that is not yet submitted to the Court.

for discovery—a proposition not addressed in the petitioners' reply—the request was not raised

by separate motion and rested on reasoning slightly distinct from that which the Court has

outlined here.  The Court, therefore, will not dispose of the petition without allowing a final

opportunity for the petitioners to respond.  However, the Court will DENY the petition on

**October 8, 2020,** with all of the petitioners' objections and rights preserved, unless the

petitioners make a further filing prior to that date showing cause why further proceedings as to

the merits of their claims are warranted.

III.   <u>CONCLUSION</u>

For the foregoing reasons, the motion for discovery (Doc. No. 82) is DENIED, and the

habeas petition (Doc. No. 1) **WILL BE DENIED ON OCTOBER 8, 2020,** with all of the

petitioners' objections and rights preserved, UNLESS the petitioners show cause by that date

why the Court should not deny this petition.  The motion for class certification (Doc. No. 6),

which was previously stayed, will be TERMINATED as MOOT on October 8, 2020 if the

petition is denied.

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge